Joseph O'Sullivan Reno County Counselor Post Office Box 2067 Hutchinson, Kansas 67504-2067
Dear Mr. O'Sullivan:
On behalf of the Reno County Treasurer, you request our opinion on several questions he has posed to you. The questions concern requirements enacted by the 1999 Legislature for proof of motor vehicle liability insurance upon the registration of motor vehicles.
K.S.A. 8-173, as amended by L. 1999, Ch. 162, § 10, states in pertinent part as follows:
 "(c) An application for registration or renewal of registration of a motor vehicle shall not be accepted until the applicant signs a certificate provided by the director of motor vehicles, certifying that the applicant has and will maintain, during the period of registration, the required insurance, self insurance or other financial security required pursuant to K.S.A. 40-3104 and amendments thereto.
 "(d) An application for registration or renewal of registration of a vehicle shall not be accepted if the applicant is unable to provide proof of the insurance, self insurance or other financial security required by article 31 of chapter 40 of the Kansas Statutes Annotated. Proof of insurance shall be verified by examination of the insurance card issued by an insurance company, a certificate of self insurance issued by the commissioner, a binder of insurance, a certificate of insurance, a motor carrier identification number issued by the state corporation commission, proof of insurance for vehicles covered under a fleet policy, a commercial policy covering more than one vehicle or a policy of insurance required by K.S.A. 40-3104, and amendments thereto, and for vehicles used as part of a drivers education program, a dealership contract and a copy of a motor vehicle liability insurance policy issued to a school district or accredited nonpublic school. Examination of a photocopy of any of these documents shall suffice for verification of mail registration or renewals."
The first question is whether copies of proof of insurance must be kept in the county treasurer's office. The statute requires that the county treasurer examine the proof of insurance, but does not require that the treasurer keep a copy.
The next question regards whether facsimile copies may be accepted as proof of insurance. The statute allows examination of a photocopy for mail registration. Because a facsimile is an exact copy,[1] a facsimile copy may be accepted.
The third question is whether telephone verifications are allowed as proof of insurance. The statute requires an examination of the proof of insurance. While the statute does not specify a visual examination, we believe that is the intent of the statute. Because the registration process cannot be completed over the telephone, the Legislature had no reason to contemplate that this portion of the registration process would be conducted by telephone. Therefore, it is our opinion that telephone verifications are not allowed.
The next question states: "Will a signed verification by the applicant be accepted as proof of insurance?" While the statute requires a signed certification by the applicant, it additionally requires an applicant to provide one of the forms of proof of insurance enumerated in the statute. A signed verification alone does not meet the statutory requirements.
Another question is: "Who will be liable if the applicant is sued for not having adequate insurance?" Liability is a question of fact to be determined based on specific circumstances. Because it is impossible to predict liability issues in the abstract, we cannot render an opinion on this question.
You note that a county's motor vehicle registration department is largely directed by the Kansas Department of Revenue and funded by the registration fees collected. You ask whether employees of a county's motor vehicle registration department are employees of the State or of the county. K.S.A. 8-129 provides that applications for vehicle registration should be made in the office of the county treasurer. K.S.A. 1998 Supp. 8-145, as amended by L. 1999, Ch. 114, § 4, requires that vehicle registration fees be paid to the county treasurer and creates a special fund for the use of the county treasurer in paying for necessary help and expenses incidental to carrying out registration duties. While county treasurers are charged with the administrative responsibilities to carry out the statutory duties of vehicle registration,[2] and they serve as agents of the State in carrying out those duties,[3] they are elected officers of the county.[4] Employees hired to assist the county treasurer with vehicle registration are hired by the county treasurer and, therefore, are county employees.
You indicate that county treasurers have expressed concern about their liability in connection with the process of identifying and accepting proof of insurance for motor vehicle registration. Thus, you ask whether the State or the county, and/or the State's or county's insurance, would provide the defense for a county treasurer or the treasurer's employees if they were sued as a result of their vehicle registration duties. Because county treasurers are county officers and their employees are county employees, generally the county or the county's insurance company would provide for their defense.[5] However, because this question involves liability, it is difficult to analyze absent a specific set of facts.
In summary, K.S.A. 8-173, as amended, does not require a county treasurer to keep a copy of the proof of insurance provided by an applicant for registration of a motor vehicle. A facsimile copy of proof of insurance may be accepted by a county treasurer when registering a motor vehicle; however, proof of insurance may not be made by telephone. An applicant for motor vehicle registration must provide proof of insurance in addition to a certificate signed by the applicant. Liability of county treasurers or their employees arising out of their motor vehicle registration duties cannot be determined absent specific facts. Because county treasurers are county officers and their employees are county employees, generally the county or the county's insurance company would provide for their defense.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Donna M. Voth Assistant Attorney General
CJS:JLM:DMV:jm
[1] See Black's Law Dictionary 610 (7th ed. 1999).
[2] Wyandotte County Commissioners v. Ferguson, 159 Kan. 80,85 (1944).
[3] Minutes, House Committee on Insurance, February 4, 1999, Attachment No. 8.
[4] K.S.A. 19-501 et seq.
[5] K.S.A. 75-6103; 75-6108, as amended by L. 1999, Ch. 72, § 1.